# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JORDAN ROSENBLATT, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| INFINITY PROPERTY AND CASUALTY CORPORATION, JAMES R. GOBER, GLEN N. GODWIN, VICTOR THOMAS ADAMO, RICHARD J. BIELEN, ANGELA BROCK-KYLE, TERESA A. CANIDA, HAROLD E. LAYMAN, E. ROBERT MEANEY, JAMES L. WEIDNER, SAMUEL J. WEINHOFF KEMPER CORPORATION, and VULCAN SUB, INC., | ) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.     This action stems from a proposed transaction announced on February 13, 2018 (the "Proposed Transaction"), pursuant to which Infinity Property and Casualty Corporation ("Infinity" or the "Company") will be acquired by Kemper Corporation ("Parent") and its wholly owned subsidiary, Vulcan Sub, Inc. ("Merger Sub," and together with Parent, "Kemper").

2.     On February 13, 2018, Infinity's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Kemper.  Pursuant to the terms of the Merger Agreement, if the Proposed

Transaction is approved by Infinity's and Parent's shareholders and completed, each share of Infinity common stock will be cancelled and converted into, at the election of the holder of such share, subject to proration and adjustment as described in the Merger Agreement, either (i) mixed consideration consisting of $51.60 in cash and 1.2019 shares of Kemper common stock, (ii) cash consideration consisting of $129.00, or (iii) stock consideration consisting of 2.0031 shares of Kemper common stock. Infinity stockholders that do not make an election will receive the mixed consideration described in (i) above.

3. The Infinity shareholder vote on the Proposed Transaction is scheduled to occur on June 1, 2018. Upon the closing of the Proposed Transaction, pre-existing Kemper stockholders and former Infinity shareholders would own approximately 80% and 20% of the outstanding shares of Kemper common stock, respectively.

4. On April 4, 2018, defendants filed a Form S-4 Registration Statement with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction, which was subsequently amended in a Form S-4/A filed with the SEC on April 24, 2018 (as amended, the "Registration Statement").

5. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

7. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

9. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Infinity common stock.

10. Defendant Infinity is an Ohio corporation and maintains its principal executive offices at 2201 4th Avenue North, Birmingham, Alabama 35203. Infinity's common stock is traded on the NasdaqGS under the ticker symbol "IPCC." Infinity is a party to the Merger Agreement.

11. Defendant James R. Gober ("Gober") is a director of Infinity.

12. Defendant Glen N. Godwin ("Godwin") is a director and the Chief Executive Officer ("CEO") of Infinity.

13. Defendant Victor Thomas Adamo ("Adamo") is a director of Infinity.

14. Defendant Richard J. Bielen ("Bielen") is a director of Infinity.

15. Defendant Angela Brock-Kyle ("Brock-Kyle") is a director of Infinity.

16. Defendant Teresa A. Canida ("Canida") is a director of Infinity.

17. Defendant Harold E. Layman ("Layman") is a director of Infinity.

18. Defendant E. Robert Meaney ("Meaney") is a director of Infinity.

19. Defendant James L. Weidner ("Weidner") is a director of Infinity.

20. Defendant Samuel J. Weinhoff ("Weinhoff") is a director of Infinity.

21. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

22. Defendant Parent is a Delaware corporation. Parent's common stock is traded on the NYSE under the ticker symbol "KMPR." Parent is a party to the Merger Agreement.

23. Defendant Merger Sub is an Ohio corporation and a wholly-owned subsidiary of Parent. Merger Sub is a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Infinity (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25. This action is properly maintainable as a class action.

26. The Class is so numerous that joinder of all members is impracticable. As of February 9, 2018, there were approximately 10,935,412 shares of Infinity common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the

Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

31. Infinity was incorporated in 2002 and it is a holding company that provides insurance, through its subsidiaries, for personal auto with a concentration on non-standard risks, commercial auto and classic collectors.

32. Infinity offers personal and commercial auto insurance primarily in four key states: Arizona, California, Florida, and Texas. Infinity's target customers are urban and Hispanic drivers. This narrow geographic and demographic focus allows Infinity to concentrate its efforts and resources on providing competitively priced products to underserved segments while generating adequate returns for its shareholders.

33. On February 13, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with Kemper.

5

34. Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is completed, each share of Infinity common stock will be cancelled and converted into, at the election of the holder of such share, subject to proration and adjustment as described in the Merger Agreement, either (i) mixed consideration consisting of $51.60 in cash and 1.2019 shares of Kemper common stock, (ii) cash consideration consisting of $129.00, or (iii) stock consideration consisting of 2.0031 shares of Kemper common stock. Infinity stockholders that do not make an election will receive the mixed consideration described in (i) above.

35. The Infinity shareholder vote on the Proposed Transaction is scheduled to occur on June 1, 2018. The Company expects the closing of the Proposed Transaction to occur in the third quarter of 2018. Upon the closing of the Proposed Transaction, pre-existing Kemper stockholders and former Infinity shareholders would own approximately 80% and 20% of the outstanding shares of Kemper common stock, respectively.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

36. On April 24, 2018, defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

37. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

38. The Registration Statement omits material information regarding Infinity's and Parent's financial projections, as well as the valuation analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Deutsche Bank Securities Inc. ("Deutsche Bank").

39. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

6

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40. With respect to Deutsche Bank's Dividend Discount Analysis of each of Infinity and Parent, the Registration Statement fails to disclose: (i) Infinity's and Parent's projected 2020 tangible book value or goodwill, as used by Deutsche Bank in its analyses; (ii) the inputs and assumptions underlying the different sets of discount rates calculated and used by Deutsche Bank in its analyses; (iii) how Deutsche Bank selected the terminal exit multiples that it applied to each company's relevant projections; and (iv) the perpetuity growth rates implied by Deutsche Bank's analyses.

41. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Opinion of Infinity's Financial Advisor; (ii) Kemper Financial Projections; and (iii) Infinity Financial Projections.

42. The Registration Statement omits material information relating to potential conflicts of interest of Deutsche Bank. Due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives, stockholders are entitled to the full disclosure of investment banker compensation and all potential conflicts of interest.

43. The Registration Statement fails to disclose whether Deutsche Bank has provided any financial advisory or other services to Infinity or its affiliates in the past and, if so, the

7

Registration Statement must disclose the nature and timing of those services, as well as the amount of compensation that Deutsche Bank has earned in connection with those services.

44. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Opinion of Infinity's Financial Advisor; and (ii) Background of the Merger.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Infinity

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Infinity is liable as the issuer of these statements.

48. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

49. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

50. The omissions and false and misleading statements in the Registration Statement

are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

51. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

52. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Kemper

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants and Kemper acted as controlling persons of Infinity within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Infinity and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants and Kemper was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the

9

issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Registration Statement.

58. Kemper also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

59. By virtue of the foregoing, the Individual Defendants and Kemper violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants and Kemper had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and

setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated:  May 7, 2018  **LAW OFFICES OF JOHN C. CAMILLUS, LLC**

By:  */s/ John C. Camillus*
John C. Camillus
P.O. Box 141410
Columbus, OH 43214
Telephone: (614) 558-7254
Email: jcamillus@camilluslaw.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800